**DOUGHERTY et al., Commissioners of the District of Columbia, v. UNITED STATES ex rel. ROBERTS.**

Court of Appeals of District of Columbia.
Submitted November 7, 1928. Decided January 7, 1929.

No. 4809.

Wm. W. Bride and F. H. Stephens, both of Washington, D. C., for appellants.

W. Gynn Gardiner and South Trimble, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District directing the issuance of a writ of mandamus to compel appellants to place appellee (a retired member of the metropolitan police force) "upon the pension rolls of the District of Columbia as a pensioner under the Act of February 17, 1923 (42 Stat. 1263), with compensation at the rate of eighty-seven and $^{50}/_{100}$ ($87.50) dollars per month."

Under the Act of February 25, 1885 (23 Stat. 310, 316), provision was made for a police fund, to be used "for the relief of any policeman who, by injury received or disease contracted in line of duty, or having served not less than fifteen years, shall become so permanently disabled as to be discharged from service therefor. * * *" This fund was derived from small deductions from the salaries of the policemen, dog licenses, police court fines, etc., supplemented at irregular intervals by appropriations by Congress. It was so inadequate that payments were rarely sufficient to pay the pensions that had been awarded.

The Act of May 26, 1908 (35 Stat. 274, 296), required retired policemen who were on the pension rolls to submit themselves every two years thereafter to a medical examination, and authorized the commissioners of the District to "determine whether the pension being paid in each case shall continue in whole or in part." Notwithstanding the passage of this act, the pension fund was insufficient. Consequently, on September 1, 1916, Congress passed a new and simpler pension law (39 Stat. 676, 718), under which adequate provision was made for the payment of pensions. This act provided that a disabled policeman or fireman should be entitled to receive relief "in an amount not to exceed fifty per centum per year of the salary received by him at the date of retirement." The act further provided for a board, to be known as the police and firemen's retiring and relief board, to be composed of the corporation counsel and one member from each of the police department and the fire department, to be designated by the commissioners of the District, who were authorized "to make, modify, and to amend from time to time regulations and rules of procedure for the conduct of the said board." It was made the duty of the board to consider all cases for the retirement and relief of members of the police department and fire department rendered necessary or expedient under the provisions of the act. The board was required to submit its findings to the commissioners of the District, who were empowered to approve

or disapprove or modify such findings or to remand the case for such further proceedings as they might deem necessary.

Under the provisions of the foregoing statutes, it is apparent that the amount received by retired policemen depended upon the board's finding as to the extent of his disability and the salary he was receiving at the date of his retirement, and that consequently there was a lack of uniformity in the amounts paid pensioners. Evidently this lack of uniformity was made known to Congress, for on February 17, 1923, there was passed an act, entitled "An act to equalize pensions of retired policemen and firemen of the District of Columbia," (42 Stat. 1263). That act provides:

"That on and after the passage of this act all persons upon the pension rolls of the police and fire departments of the District of Columbia who were granted relief in accordance with laws enacted prior to December 5, 1919, shall receive such relief as is allowable under existing law, and all persons now or hereafter receiving relief from the policemen and firemen's relief fund shall· also be entitled to all pension benefits resulting from any increase in pay that has or may hereafter be granted by Congress: Provided, that no arrears of pension shall be granted for any period prior to an application for an increase in pension under the provisions of this act: Provided further, that any widow entitled to relief from the policemen and firemen's relief fund may hereafter receive not more than $60 per month.

"Sec. 2. That all acts and parts of acts to the extent that they are inconsistent with this act are hereby repealed."

Appellee, Roberts, served as a member of the metropolitan police force from July 23, 1903, when he received a salary of $60 a month, until August 1, 1923 (his salary then being $1,660 per annum), when he was retired as the result of "disability caused by injuries received in line of duty." His pension was fixed at $50 per month, which, after the passage of the act of 1923, was increased by appellants to $63.26 per month. The basic salary of the class to which Roberts belonged had been increased to $2,100, and appellants took the position that this would warrant a total disability pension of $87.50 per month, but that, as Roberts was not totally disabled, he was entitled to have his pension increased "only in the proportion that the salary existing at the time of his retirement bore to the increased salary." Appellee contended that under the plain terms of the act of 1923 he was entitled to a disability pension of $87.50 per month. Appellants adhering to their view of the law, petition for mandamus was filed by appellee. The case below was disposed of on the petition and answer, demurrer having been filed to the answer, and appellants electing to stand on the answer.

After the passage of the act of 1923, a question arose as to its proper construction; that is, whether under that act each pensioner in the same class should receive the same amount, or whether the commissioners were still authorized to fix the amount of the pension based upon the degree of disability. Whereupon, after conferring with the chairman of the committee having the bill in charge in the House of Representatives and the chairman of the committee having the bill in charge in the ·Senate, the then commissioners passed an order dated December 5, 1924, under which the pensions of all except four retired members of the police force were increased, so as to give each pensioner in the same class the same amount. This was done without requiring any physical examination, and without any regard to the physical condition of the pensioner at the time. Subsequently full pensions were granted to two of the four who were omitted from the order of 1924.

Concerning the foregoing contemporaneous interpretation of the act of 1923, appellants in their answer allege: "The commissioners · of that date construed the act of 1923 erroneously, as requiring the increase of all pensions granted prior to December 5, 1919, the date mentioned in said act, to the full pension allowed by law, irrespective of whether the recipient was drawing a part pension for a part disability or a full pension for a total disability." The court below found that the action of appellants in the premises was "arbitrary and unlawful."

The declared purpose of the act of 1923 was "to equalize pensions of retired policemen and firemen of the District of Columbia." That this declared purpose is entitled to weight in the interpretation of the statute is too plain to require citation of authority. The history of the legislation leading up to the enactment of this statute plainly discloses the conditions that gave rise to the act. · Under prior legislation, as already pointed out, there was a great lack of uniformity in the amounts paid pensioners in the same class, due to difference in basic salary at the time of retirement and the supposed degree of disability. After

declaring the purpose of the act to be "to equalize pensions," the act provides that *all persons* on the pension rolls "who were granted relief in accordance with laws enacted prior to December 5, 1919, shall receive such relief as is allowable under existing law." The act then provides that *"all persons* now or hereafter receiving relief from the policemen and firemen's relief fund shall also be entitled to all pension benefits resulting from any increase in pay that has or may hereafter be granted by Congress: Provided, that no arrears of pension shall be granted for any period prior to an application for an increase in pension under the provisions of this act." (Italics ours.)

■ On December 5, 1919, an act was passed increasing the pay of policemen and firemen. 41 Stat. 363. Hence the first provision in the act of 1923, that pensioners who were granted relief "in accordance with laws enacted prior to December 5, 1919, shall receive such relief as is allowable under existing law." Since this provision would not take effect until the taking effect of the law of 1923, all persons upon the pension rolls, who were granted relief in accordance with laws enacted prior to December 5, 1919, were brought within the purview of the provisions of the act of 1923, for upon the taking effect of that act it became an "existing law." To make certain the congressional intent, the act then provides that all present and future pensioners shall *"also* be entitled" to all pension benefits resulting from any increase in pay that has or may thereafter be granted by Congress, thus bringing within the purview of the act all pensioners then upon the roll or that might thereafter be placed on the roll.

Unless the expressed intent of the act is to be ignored, and a strained and inconsistent construction placed upon the language quoted, it must be held that retired policemen and firemen are entitled to receive pensions based upon the pay of the class to which they may belong at the time of the application for an increase in pension. In no other way could pensions be equalized. That it was the view of Congress that the provisions of this act were intended to change existing conditions, and were, therefore, inconsistent with provisions in prior acts, is apparent from the second section of the act, which provides: "That all acts and parts of acts to the extent that they are inconsistent with this act are hereby repealed."

■ Appellee was retired as the result of "disability caused by injuries received in line of duty." Prior to the filing of his petition herein, "he was directed by the authorities of the District of Columbia, through the precinct in which he did duty, to appear before the Board of Police Surgeons at No. 3 Truck Company, located at 14th St. and Ohio Ave. Northwest, for the purpose of a physical examination." In response to that notification he presented himself to the board of surgeons of the police department of the District, whereupon he was advised that under the Act of February 17, 1923, the board was without authority to examine him, "and that the matter was a legal question, to be dealt with by the commissioners and the corporation counsel, and not for the board of police surgeons."

This was an erroneous view of the law. In our opinion, there is nothing in the act of 1923 to prevent a physical examination of any pensioner with a view to determining whether he has recovered from his disability to such an extent as to be able again to assume active duty; but on the record before us it must be assumed that appellee's disability continues. It is quite apparent that Congress was of the view that it would be more equitable to place on a basis of equality all policemen and firemen who were retired on account of being unfit for duty due to specified causes, but it was not the intent to continue a pension where the pensioner has recovered from his disability.

It results, under the view we have taken of the Act of 1923, that the commissioners were without legal justification in refusing to place appellee upon the pension rolls as a full pensioner, and that, therefore, the judgment below was right, and is affirmed, with costs.

Affirmed.