**DOUGHERTY et al., Commissioners, v. UNITED STATES ex rel. BROWNING.**

No. 5176.

Court of Appeals of District of Columbia.
Argued Oct. 8, 1930.
Decided Dec. 1, 1930.

F. H. Stephens, of Washington, D. C., for appellants.

W. Gwynn Gardiner, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of the Supreme Court of the District of Columbia.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District awarding a writ of mandamus requiring appellants, as Commissioners of the District, to place appellee upon the pension rolls of the District as a pensioner, with compensation at the rate of $87.50 per

month, commencing on the 1st day of November, 1927, payments to continue as provided in the Act of February 17, 1923 (42 Stat. 1263).

■ Appellee, a member of the police department, was retired on the 31st day of October, 1927, as a result of injuries received in the line of duty, and was awarded a pension of $75 a month. Under the decision of this court in Dougherty v. United States ex rel. Roberts, 58 App. D. C. 308, 30 F.(2d) 471, he was entitled to receive $87.50 a month, the maximum pension allowance to a private of his class. At the time it was rendered, therefore, the judgment of the court below was correct; but subsequently, namely, on July 1, 1930, an act "to fix the salaries of officers and members of the Metropolitan police force and the fire department of the District of Columbia" (46 Stat. ——) became effective. Section 6 of that act reads as follows: "The Commissioners of the District of Columbia are hereby empowered to determine and fix the amount of the pension relief allowance heretofore and hereafter granted to any person under and in accordance with the provisions of section 12 of the Act entitled 'An Act making appropriations to provide for the expenses of the government of the District of Columbia for the fiscal year ending June 30, 1917, and for other purposes,' approved September 1, 1916, and Acts amendatory thereof."

Under the express terms of section 6 the Commissioners are empowered to redetermine and fix the amount of the pension relief allowance of policemen and firemen already in the service, as well as those thereafter entering the service, in accordance with the Act of September 1, 1916 (39 Stat. 676, 718), and acts amendatory thereof. But the act of July 1, 1930, was not intended to empower the Commissioners to make their redetermination retroactive. Prior to the effective date of the act, the decision in Dougherty v. United States ex rel. Roberts, supra, controls. In other words, prior to July 1, 1930, appellee was entitled to receive $87.50 per month. From that date, section 6 clothes the Commissioners with a discretion.

■ But counsel for appellee contends that section 6 impairs the obligation of a contract and is, therefore, unconstitutional. In Macfarland v. Bieber, 32 App. D. C. 513, Bieber, a fire marshal of the District, was retired because of disease contracted in the line of duty

and granted a pension, payable from the firemen's relief fund. This pension subsequently was withheld because Bieber had failed to submit to a medical examination under the provisions of an act passed after his retirement. He insisted that "a vested property right in the fund had happened before the passage of the act of Congress requiring pensioners to subject themselves to medical examination, and that, having vested, it was beyond the power of Congress to destroy that right." This court held: "The contingency in the case at bar which gave appellee a property right in the fund in question was one continuing by the grace of Congress, subject to be discontinued or terminated at any time by Congress. His rights in the premises were not different or superior to those of a pensioner under the general pension laws of the United States. * * * A pension is not granted because of any property right the pensioner has or may acquire in it, but purely as an act of gratitude from the bounty of the government. The liability of the government to appellee was measured by the amount it owed him under existing law at the time Congress, by subsequent act, provided that further payments should cease upon his failure to comply with its provisions."

In Rudolph v. United States ex rel. Stuart, 36 App. D. C. 379, the Police and Firemen's Pension Act of February 25, 1885 (23 Stat. 316), and amendatory acts were under consideration. The court ruled: "The statute differs from a contract in that the government may withdraw the benefits conferred at any time it may deem advisable, after a party enters the service, either before or after the right to a pension accrues. Macfarland v. Bieber, 32 App. D. C. 513. It also follows that, while there is no vested right in a pension which cannot be devested by the mere exercise of the legislative will, if relators have any rights, they are vested ones so long only as the statute in question remains in force and unchanged, subject to be devested at any time that Congress may desire."

These decisions are controlling here. It follows, therefore, that the judgment of the court below should be modified so as to require the payment to appellee of a pension at the rate of $87.50 a month, commencing November 1, 1927, and continuing until July 1, 1930. As thus modified, the judgment is affirmed, with costs.

Affirmed, as modified.